**NOT FOR PUBLICATION**                                              **CASE CLOSED**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY SALVADOR JASPER,<br><br>    Plaintiff,<br><br>v.<br><br>DEBRA IRELAND, BEXAR COUNTY DISTRICT ATTORNEY'S OFFICE, JOSEPH MICK AGUILERA, LAW OFFICES OF JOSEPH MICK AGUILERA, THE HONORABLE JUDGE MONICA GUERRERO, MICHAEL MACHADO, LAW OFFICES OF MICHAEL MACHADO,<br><br>    Defendants. | Civil Action No. 07-5206 (SDW)<br><br>**OPINION**<br><br>February 19, 2008 |

**WIGENTON**, District Judge.

Before the Court is Anthony Salvador Jasper's ("Plaintiff") *pro se* complaint ("Complaint") against defendants Debra Ireland, et al. ("Defendants"). Plaintiff has requested that the Court allow him to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court, having considered Plaintiff's submissions and for the reasons set forth below, denies Plaintiff's application to proceed *in forma pauperis* and dismisses Plaintiff's Complaint, without prejudice, as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).

1

**BACKGROUND**

In Plaintiff's Complaint he claims violations of his constitutional rights and Texas state law. Specifically, Plaintiff's seven-count Complaint alleges violations of the following: the Sixth Amendment (Count I); the Fourteenth Amendment (Count II); the Eight Amendment (Count III); Texas Code of Criminal Procedure, Article 43.03(c) (Count IV); Texas Code of Criminal Procedure, Article 1.051 (Count V); Texas Revised Civil Procedure, Article 5118(a) (Count VI); and, the First Amendment (Count VII). Plaintiff asserts that this Court has jurisdiction based on federal question jurisdiction for constitutional rights violations.[1]

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915(a), a federal court may authorize the commencement of a civil lawsuit without prepayment of the requisite fees provided that a plaintiff submits to the court documentation demonstrating that she or he is unable to pay such fees. The court may deny an application to proceed *in forma pauperis* if plaintiff fails to submit the required financial information or fails to demonstrate entitlement to *in forma pauperis* relief. Pursuant to 28 U.S.C. § 1915(e)(2), the court may also deny an application to proceed *in forma pauperis* if the underlying complaint is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff did not submit an application form seeking *in forma pauperis* status. Rather, in support of Plaintiff's assertion that he is unable to pay the filing fee, Plaintiff submitted an affidavit and verification of his income and expenses. Further, even if the Court were to grant Plaintiff's request for *in forma pauperis* relief, Plaintiff's claims are subject to dismissal as frivolous and for failure to state a claim upon which relief can be granted under 28 U.S.C. §

---

[1] Plaintiff also claims that there is diversity of citizenship as Defendants are all citizens of Texas and Plaintiff is a citizen of New Jersey. The amount in controversy, the amount requested by Plaintiff in damages, exceeds $75,000. *See* 28 U.S.C. 1332.

4

1915(e)(2)(B)(I) and (ii).

As § 1915(e)(2)(B)(ii) is a procedural rule, the analysis is pursuant to this section is the same as that under Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim upon which relief may be granted.  *See Gindraw v. Dendler*, 967 F. Supp. 833, 841 (E. D. Pa. 1997).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all material allegations of the complaint and must construe the complaint in favor of the plaintiff.  *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  The court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

A complaint should be dismissed "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint."  *Trump*, 140 F.3d at 483.  While the complaint is to be construed in the light most favorable to the plaintiff, the court need not accept the plaintiff's legal conclusions or draw unwarranted factual inferences.  *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998).  *Pro se* complaints are to be interpreted liberally and should only be dismissed for failure to state a claim when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981) (citing *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)).

In the instant matter, Plaintiff has indicated that the basis of his Complaint stems from his alleged false conviction and incarceration, and that as a result he suffered injuries.  Plaintiff's

Sixth and Fourteenth Amendment claims are based on the fact that Defendants allegedly "failing to admonish the [Plaintiff] of the dangers and disadvantages of self representation as mandated by the United States Constitution and in turn causing [Plaintiff] to bear a false conviction and incarceration." (Compl. at 8.)  Plaintiff also alleges that "the Court goaded and pressured the [Plaintiff] to fire his counsel, and failed to allow [Plaintiff] the right to have compulsory process for obtaining witnesses in his favor" and "stacked" fines on top of his maximum sentence. (Compl. at 8-9.)  Plaintiff also alleges that his due process rights were violated because he was not allowed to bring forth "new evidence" and his motion for a new trial was not granted. (Compl. at 11.)

Plaintiff does not provide any facts or background regarding his claims and does not support his allegations.  As such, the Court does not find that Plaintiff has made a cognizable claim upon which relief could be granted.  Further, Plaintiff has named several entities and individuals, and brought this action without providing a foundation.  From the facts provided, and the allegations presented, the Court finds Plaintiff's Complaint to be without merit. Plaintiff's claims are frivolous and he can prove no set of facts under which he is entitled to relief on any of his claims.

**CONCLUSION**

Plaintiff has not set forth valid claims of constitutional violations or claims upon which this Court may grant relief.  Plaintiff has not set forth facts under which he is entitled to the relief on his claims and his Complaint lacks merit.

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* is **DENIED** pursuant to 28 U.S.C. § 1915, Plaintiff's Complaint is **DISMISSED** in its entirety without prejudice.

                                          s/Susan D. Wigenton, U.S.D.J.